Joseph Pia (9945)
joe.pia@padrm.com
PIA ANDERSON DORIUS REYNARD & MOSS
222 S Main Street
Suite 1800
Salt Lake City, Utah 84101
Telephone (801) 350-9000
Facsimile (801) 350-9010

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ETAGZ, INC., an Indiana Corporation,<br><br>　　Plaintiff,<br><br>v.<br><br>SKINS NORTH AMERICA, LLC, a California limited liability company; SKINS INTERNATIONAL TRADING AG, a Swiss entity, SKINS USA, Inc., a Delaware corporation, SKINS USA, LLC, a Delaware limited liability company, Gathering Storm Holding Company, LLC and DOES 1-10.<br><br>　　Defendants. | **AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>Civil Case No: 2:11-cv-00522-TS<br><br>Hon. Judge Ted Stewart<br><br>**JURY TRIAL DEMANDED** |

　　Plaintiff, Etagz, Inc. ("Etagz"), by and through its attorneys, asserts as its Amended Complaint against Defendants Skins North America, LLC, Skins International Trading AG, Skins USA, Inc., Skins USA, LLC, and Gathering Storm Holding Company, LLC (collectively "Skins") and Does 1-10 as follows:

**PARTIES, JURISDICTION AND VENUE**

1.  This is a claim for patent infringement that arises under the patent laws of the United States, including 35 U.S.C. § 281. This Court has exclusive subject matter jurisdiction under 28 U.S.C. § 1338.

2.  Etagz is an Indiana corporation, with its principal place of business in Provo, Utah.

3.  Etagz owns and has all right, title and interest, including standing to sue for past, present or future infringement, in United States Patent No. 6,298,332 (the "'332 Patent," attached as Exhibit A) entitled "CD-Rom Product Label Apparatus and Method," No. 7,503,502 B2 (the "'502 Patent," attached as Exhibit B) entitled "Computer Readable Hang Tag and Product," and No. 7,703,686 B2 (the "'686 Patent," attached as Exhibit C) entitled "Consumer-Computer-Readable Product Label and Apparatus."

4.  On information and belief, Skins North America, LLC is a California limited liability company with its principal place of business at Suite 281, 1902 Wright Ave, Carlsbad, CA 92010.

5.  On information and belief, Skins International Trading AG is a Swiss entity, having a principal place of business and headquarters at Sennweidstrasse 43, 6312 Steinhausen, Switzerland.

6.  On information and belief, Skins USA, Inc. is a Delaware corporation having a principal place of business in California.

7.  On information and belief, Skins USA, LLC is a Delaware limited liability company having a principal place of business in California.

8. On information and belief, Gathering Storm Holding Company, LLC is a Delaware limited liability company having a principal place of business in California.

9. Upon information and belief, Skins has one or more affiliates or shell companies, referred to herein as Does 1-10.

10. Skins and Does 1-10 have committed acts of infringement within this judicial district. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400.

## GENERAL ALLEGATIONS

1. Etagz Patents' involve product marketing through the use of a digital labeling system, apparatus, or method.

2. A digital labeling system can include a CD, DVD, CD-ROM, memory card, USB flash drive or other digital communication device attached to merchandise.

3. Use of a digital labeling system creates unique marketing opportunities for vendors and manufacturers of goods.

4. Information about the manufacturer such as branding, product lines, instruction or application of the product, corollary products, testimonials, interviews, multi-media presentations, and interactivity with purchasers are just some of the benefits that can be obtained by employing a digital labeling system.

5. Digital labeling systems are used by companies as a means of differentiating their products in the marketplace.

## PATENT INFRINGEMENT

11. Etagz realleges and incorporates by reference as if fully set forth herein the preceding paragraphs.

12. Etagz has complied with the provisions of 35 U.S.C. § 287.

13. Defendants have and/or are infringing, contributing to the infringement of, and /or inducing infringement of the '332 Patent, the '502 Patent, and the '686 Patent in violation of 35 U.S.C. § 271 as set forth therein and incorporated by this reference.

14. Defendants have infringed at least claims 1, 11, 16, and 26 of the '332 Patent.

15. Defendants have infringed at least claims 1, 16 and 20 of the '502 Patent.

16. Defendants have infringed at least claims 1, 9, and 16 of the '686 Patent.

17. Defendants have knowledge of the '332 Patent, the '502 Patent, and the '686 Patent and are infringing despite such knowledge.  The infringement has been and continues to be willful and deliberate.

18. Defendants' infringement has injured Etagz, and Etagz is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

19. Defendants' infringing activities have injured and will continue to injure Etagz unless and until this Court enters an injunction prohibiting further infringement of the '332, '502 and '686 Patents.

WHEREFORE, Plaintiff Etagz respectfully requests this Court to enter judgment against Skins, their subsidiaries, affiliates and all persons in active concert or participation with them as Does 1-10, as follows:

A. An entry of final judgment in favor of Etagz and against Skins and Does 1-10;

B.      An award of damages adequate to compensate Etagz for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began;

C.      An injunction permanently prohibiting Skins and Does 1-10 and all persons in active concert or participation with any of them from further acts of infringement of the '332, '502 and '686 Patents;

D.      Treble damages as provided for under 35 U.S.C § 284 in view of the knowing, willful, and intentional nature of Defendants' acts';

E.      Awarding Etagz its costs and expenses including its attorneys' fees; and

F.      Such other further relief that Etagz is entitled to under the law, and any other and further relief that this Court or a jury may deem just and proper.

## TRIAL BY JURY DEMANDED

Etagz demands a trial by jury on all issues presented in this Complaint.

DATED: July 7, 2011

Respectfully submitted,

PIA ANDERSON DORIUS REYNARD & MOSS

/s/ Joseph G. Pia
Joseph G. Pia
Attorney for Plaintiff Etagz, Inc.