IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ETAGZ, INC., an Indiana corporation<br><br>　　Plaintiff,<br><br>　　vs.<br><br>SKINS NORTH AMERICA, LLC, a California limited liability company, SKINS INTERNATIONAL TRADING AG, a Swiss entity, SKINS USA, INC., a Delaware corporation, SKINS USA, LLC, a Delaware limited liability company, GATHERING STORM HOLDING COMPANY, LLC, and DOES 1-10,<br><br>　　Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO STAY<br><br><br><br><br>Case No. 2:11-CV-522 TS |

　　This matter is before the Court on Defendants Skins North America, LLC, Skins International Trading AG, Skins USA, Inc., Skins USA, LLC, and Gathering Storm Holding Company, LLC's (collectively "Skins") Motion to Stay.[1]  Skins moves the Court to stay the instant litigation pending the outcome of certain Patent and Trademark Office ("PTO") proceedings.

---

[1] Docket No. 15.

I.  BACKGROUND

On June 9, 2011, Etagz filed a complaint against Skins alleging patent infringement. Etagz's claims centered on U.S. Patent Nos. 6,298,332 (the "'332 Patent"), 7,503,502 B2 (the "'502 Patent"), and 7,703,686 B2 (the "'686 Patent").  Prior to the commencement of this suit, Etagz had filed a request with the PTO for reexamination of certain claims of the '332 and '686 patents.  The request was granted, and the PTO issued a final decision regarding those patents on August 11, 2011.

In its Complaint, Etagz alleged infringement of "at least claims 1, 11, 16, and 26 of the '332 Patent" against Skins.  In its final decision, the PTO rejected claims 11 and 16, and found that claims 1 and 26, among others, were not subject to reexamination and were patentable. Etagz has agreed to dismiss its infringement allegations as to claims 11 and 16.

Etagz also alleged infringement of "at least claims 1, 16, and 20 of the '502 Patent."  The PTO found that none of these claims were subject to reexamination and were all patentable.  The PTO confirmed that several other claims were patentable, and rejected claims 33-35.  Etagz amended claims 33-35, and they are currently submitted to the PTO for reconsideration.  Skins argues that because Etagz used the words "at least" in its allegations, it is possible that Etagz will make infringement allegations on claims 33-35.  As a result, Skins argues that resources will be conserved and efficiency promoted if the litigation is stayed pending the results of the PTO's reexamination of those claims.

There are now eight claims by Etagz against Skins that are not subject to reexamination: claims 1, 16, and 20 of the '502 Patent; claims 1 and 26 of the '332 Patent; and claims 1, 16 and 20 of the '502 Patent.

II.  DISCUSSION

The Federal Circuit has recognized that a district court may properly stay proceedings in a patent case pending the PTO's reexamination of a patent by that Office.[2]  This Court has the inherent power to manage its docket and stay proceedings.[3]  Courts consider a number of factors in determining whether to stay litigation proceedings pending PTO reexamination, including: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and (3) whether a stay will simplify the issues.

A.   DISCOVERY COMPLETE AND TRIAL DATE SET

No scheduling order has been entered for this case, nor has a trial date been set. Therefore, this factor weighs in favor of granting a stay.

B.   PREJUDICE OR TACTICAL ADVANTAGE

A stay would likely prejudice Etagz to some extent.  By staying litigation until the reexamination is complete, Skins would be able to continue its alleged infringement for an unknown period of time.  On the other hand, this is not a case where a defendant has requested reconsideration and then gains tactical advantage from the delay inherent in that process.  Here, Plaintiff initiated the reexamination of claims 33-35.  Delaying litigation until it is clear what claims Etagz can bring against Skins may prejudice Etagz in terms of time, but it is a delay of Etagz's own making.  Furthermore, the delay will likely be very minimal since the PTO has already examined the claims, made recommendations on fixing them, and Etagz has complied

---

[2]*Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983).

[3]*Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988).

with those recommendations.[4] While any delay may be prejudicial to Etagz, the "delay inherent in the reexamination process does not constitute, by itself, *undue* prejudice."[5] Therefore, this factor weighs in favor of granting a stay.

C.  SIMPLIFICATION OF THE ISSUES

A stay will likely lead to simplification of the issues. It is undisputed that the PTO has been asked to review claims 33-35 of the '502 Patent as amended by Etagz. The PTO suggested in its final decision several ways to remedy those claims in order to render them patentable.[6] Etagz has complied with those suggestions.[7] Thus, it is likely that the claims will be approved, and subsequently asserted against Skins. Even if the claims are not deemed patentable, the PTO's analysis of the claims can provide useful guidance to the Court on Etagz's other claims.[8] Thus, this factor weighs in favor of granting a stay.

III. CONCLUSION

The Court find that the factors weigh in favor of granting the Motion. Though Etagz will be prejudiced by a delay in resolution of its claims, the Court finds that such prejudice is attributable to Etagz's own actions and that any delay will likely be minimal. The Court is

---

[4]Docket No. 19 Ex. A. at 10.

[5]*Pool Cover Specialists Nat'l, Inc. v. Cover-Pools Inc.*, 2009 WL 2999036, at *2 (D. Utah 2009) (quotation marks and citation omitted) (emphasis added).

[6]Docket No. 19 Ex. A. at 10.

[7]*Id.*

[8]*See Pool Cover Specialists Nat'l, Inc*, 2009 WL 2999036, at *2 (noting that "even if . . . reexamination [does] not lead to claim amendment or cancellation, it could still provide valuable analysis to the district court").

further persuaded that a stay will simplify the issues. Accordingly, the Court will grant the Motion. It is therefore

ORDERED that Defendant's Motion to Stay (Docket No. 15) is GRANTED. The Clerk of the Court is directed to administratively close this case. The case may be re-opened upon motion by either party.

DATED   October 21, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge