IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ETAGZ, INC., an Indiana corporation,<br><br>　　Plaintiff,<br><br><br><br>vs.<br><br><br><br>SKINS NORTH AMERICA, LLC, a California limited liability company, SKINS INTERNATIONAL TRADING AG, a Swiss entity, SKINS USA, INC., a Delaware corporation, SKINS USA, LLC, a Delaware limited liability company, GATHERING STORM HOLDING COMPANY, LLC, and DOES 1-10,<br><br>　　Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO REOPEN CASE AND LIFT STAY<br><br><br><br>Case No. 2:11-CV-522 TS |

This matter is before the Court on Plaintiff Etagz's Motion to Reopen Case and Lift Stay.

I.  BACKGROUND

On June 9, 2011, Plaintiff Etagz filed a Complaint against Skins alleging patent infringement.  The claims centered on U.S. Patent Nos. 6,298,332 (the "'332 Patent"), 7,503,502 B2 (the "'502 Patent"), and 7,703,686 B2 (the "'686 Patent").  Prior to the commencement of this suit, Etagz had filed a request with the PTO for reexamination of certain claims of the '332

and '686 patents. The request was granted, and the PTO issued a final decision regarding those patents on August 11, 2011. In that decision the PTO rejected, among others, claims 33-35 of the '686 Patent, and claims 11 and 16 of the '332 Patent.

Subsequently, Etagz filed a second request for reexamination. Skins then filed a motion to stay, asking the Court to stay the proceedings until the PTO had completed its reexamination. The Court granted the stay, noting that Claims 33-35 of the '686 Patent would likely be approved during this reexamination and subsequently asserted against Skins. The PTO has now finished its reexamination and concluded that claims 33-35 are patentable.

Additionally, Plaintiff initially alleged infringement of "at least claims 1, 11, 16, and 26 of the '332 Patent" against Defendant. In its first reexamination, the PTO rejected claims 11 and 16. Plaintiff then agreed to dismiss its infringement allegations as to claims 11 and 16. However, Plaintiff has also filed a notice of appeal with the PTO as to these two claims.

## II.  DISCUSSION

Skins objects to the Motion because: (1) Plaintiffs have filed a notice of appeal as to claims 11 and 16 of the '332 Patent and (2) Plaintiffs may still appeal the PTO's decisions regarding other claims in the '686 Patent.

Etagz responds to Skins' first contention by noting that it has already agreed to not assert its infringement allegations as to claims 11 and 16. However, it appears that this willingness was based in part on the PTO's conclusion that claims 11 and 16 were not patentable. The Court recognizes that on appeal the PTO may reverse its prior decision, leaving Etagz able to pursue infringement claims against Skins based on claims 11 and 16, and that Etagz's agreement to drop the claims has no preclusive effect. For this reason, the Court will not lift the stay.

Furthermore, the Court wishes to make clear that it will not lift the stay until Plaintiff demonstrates to the Court that all PTO proceedings as to the '332, '502, and '686 Patents, including appellate proceedings, are permanently concluded.

### III.  CONCLUSION

Based on the foregoing, the Court will deny the Motion to Reopen Case and Lift Stay (Docket No. 24).  The case will be reopened only upon a motion from Plaintiff that includes a showing that all PTO proceedings relating to the '332, '502, and '686 Patents are permanently concluded.

DATED   January 20, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge